IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 09-00144-REL-01/02 |
| CHRISTOPHER SIMS and | ) | |
| DENISE SIMS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT ON RULE 44(c) PROCEEDINGS

In the case of joint representation of two or more defendants, the court must promptly inquire with respect to such joint representation and shall personally advise each defendant of his or her right to effective assistance of counsel, including separate representation. Unless it appears that there is good cause to believe no conflict of interest is likely to arise, the court shall take such measures as may be appropriate to protect each interest. Fed. R. Crim. P. 44(c).

The Sixth Amendment contemplates the assistance of counsel, free from conflicts of interest and able to render independent judgment on behalf of his or her client. United States v. Lawriw, 568 F.2d 98, 101 (8th Cir. 1977).

The criminal complaint in case number 09-00144-REL-01/02 charges both Christopher Sims and Denise Sims with knowingly and forcibly assaulting, resisting, opposing, impeding, interfering and inflicting bodily harm on a federal employee while such employee

was investigating the interference of mail delivery.

John O'Connor and P.J. O'Connor have entered their respective appearances on behalf of both Christopher Sims and Denise Sims. Therefore, at 10:30 a.m. on September 30, 2009, a Rule 44(c) hearing was held. The government was represented by Assistant United States Attorney David Barnes. Both defendants appeared in person and represented by John O'Connor and P.J. O'Connor.

At the commencement of the Rule 44(c) proceeding, John O'Connor stated that he had discussed the joint representation issue and the possible conflicts that might arise therefrom with the defendants. He also stated that at this time he knew of no actual conflict by his joint representation of the defendants.

David Barnes stated that he had no knowledge of any actual conflict of interest by joint representation.

Following the statements by John O'Connor and David Barnes, I spoke personally to Defendant Christopher Sims and Defendant Denise Sims with respect to their being jointly represented by John O'Connor and P.J. O'Connor and advised them:

1.  That the Sixth Amendment guarantees to them the right to effective assistance of counsel and the right to be separately represented by counsel free from potential conflicts of interest and able to render independent judgment;

2.  That if they are financially unable to obtain separate counsel, appointment of counsel will be made pursuant to the Criminal Justice Act;

3.  Joint representation may result in a lack of

2

independent investigation in support of each
   defendant's case;

4. Joint representation might prohibit the possibility of plea negotiation to obtain immunity or a sentencing recommendation in exchange for testimony against another defendant;

5. Where there is joint representation, the attorney-client privilege might prevent the attorneys from communicating information gathered from one defendant to another defendant;

6. Where there is joint representation, there may be circumstances under which the attorney-client privilege is sacrificed as between defendants when such would be a detriment to one of the defendants;

7. Joint representation might affect a decision as to waiver of jury by one defendant;

8. Joint representation might affect the strategy in the use of peremptory challenges or challenges for cause;

9. Joint representation might prevent the attorneys from introducing evidence exculpatory of one defendant and inculpatory of another;

10. Joint representation might adversely affect the decision as to whether one or both of the defendants should or should not testify;

11. Joint representation might inhibit the ability of the attorneys to cross-examine fully the government's witnesses;

12. Joint representation would prohibit the attorneys from final argument that places the blame on only one of the defendants;

13. Joint representation would prohibit the attorneys from engaging in post-trial negotiations with the government as to full

3

>    disclosure by one defendant versus the other;
>    and
>
> 14. Joint representation would prohibit the attorneys from arguing the relative culpability of the defendants to the sentencing judge.

The defendants were invited to ask me questions in respect to the consequences of their being jointly represented by John O'Connor and P.J. O'Connor. The response of both was in the negative.

A narrative response was elicited from defendant Christopher Sims that:

> 1. He has been advised of and understands his right to effective representation;
>
> 2. He understands the details of his attorneys' possible conflicts of interest and the potential perils of such conflicts;
>
> 3. He understands that if he continues to be jointly represented by John O'Connor and P.J. O'Connor and during the case an actual conflict of interest between defendants arises, he will be unable to raise that issue on appeal; and
>
> 4. He understands that if he continues to be jointly represented by John O'Connor and P.J. O'Connor, he will freely and voluntarily waive his Sixth Amendment protections and forego this significant constitutional protection.

In addition, Christopher Sims executed a written waiver of conflict of interest which is attached to this report.

A narrative response was elicited from Defendant Denise Sims that:

1. She has been advised of and understands her right to effective representation;

2. She understands the details of her attorneys' possible conflicts of interest and the potential perils of such conflicts;

3. She understands that if she continues to be jointly represented by John O'Connor and P.J. O'Connor and during the case an actual conflict of interest between defendants arises, she will be unable to raise that issue on appeal; and

4. She understands that if she continues to be jointly represented by John O'Connor and P.J. O'Connor, she will freely and voluntarily waive her Sixth Amendment protections and forego this significant constitutional protection.

In addition, Denise Sims executed a written waiver of conflict of interest which is attached to this report.

At the conclusion of the inquiry, John O'Connor, P.J. O'Connor and David Barnes were requested to inform the court immediately if any real, apparent, or potential conflict arises.

A defendant may waive any potential conflict of interest arising from joint representation if the waiver is made knowingly and intentionally. Holloway v. Arkansas, 435 U.S. 475, 483 (1978); United States v. Agosto, 675 F.2d 965, 969 (8th Cir. 1982); United States v. Unger, 665 F.2d 251, 256 (8th Cir. 1981); United States v. Cox, 580 F.2d 317, 320 (8th Cir. 1978), cert. denied, 439 U.S. 1975 (1979); United States v. Lawriw, 568 F.2d at 104. I find that

5

Defendant Christopher Sims and Defendant Denise Sims knowingly and intentionally waived any potential conflict of interest arising from joint representation.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
October 5, 2009